IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY B. SHOWERS,<br>        Plaintiff<br><br>       v.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>        Defendants. | C.A. 12-24 Erie<br><br>Magistrate Judge Baxter |

**OPINION AND ORDER**

United States Magistrate Judge Susan Paradise Baxter.

**I.   INTRODUCTION**

    **A.   Relevant Procedural and Factual History**

On January 20, 2012, Plaintiff Johnny B. Showers, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Pennsylvania Department of Corrections ("DOC") and Erie County Executive/Council.

In his *pro se* Complaint, Plaintiff vaguely alleges that he has been incarcerated pursuant to an illegal sentence in violation of his Fourth, Eighth, and Fourteenth Amendments. As relief for his claims, Plaintiff seeks injunctive relief in the form of his "discharge from illegal detention," and compensatory damages.

On April 23, 2012, Defendant DOC filed a motion to dismiss [ECF No. 10], arguing, *inter alia*, that it is entitled to Eleventh Amendment immunity. Despite having been given ample time to file a response to Defendant DOC's motion, Plaintiff has failed to do so. Both parties have consented to having a United States Magistrate Judge exercise jurisdiction over this

matter. [ECF Nos. 4, 12].[1]  This matter is now ripe for consideration.

### B.     Standards of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008

---

[1] According to the docket, Defendant Erie County Executive/Council has never been served in this case, nor has an attorney entered an appearance on its behalf.

WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d

Cir.1997)(overruled on other grounds).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II.   DISCUSSION
### 1.   Eleventh Amendment

Defendant DOC contends that Plaintiff's claim against it must be dismissed because it is entitled to immunity under the eleventh amendment to the United States Constitution.  The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies.  Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies).  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought."  Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the Department of Corrections is an agency or arm of the Commonwealth of Pennsylvania and is, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys.  See Steele v. Pennsylvania, 2009 WL 614800 at *8 (W.D.Pa. Mar. 6, 2009)(DOC).  No exceptions to Eleventh Amendment immunity are applicable here.  The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages.  Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Moreover, as a state agency, Defendant DOC is not a "person" against whom a civil rights action may be brought under Section 1983.  Will v. Michigan Dept. of State Police, 491

U.S. 58, 71 (1989).  Accordingly, Plaintiff's claims against Defendant DOC will be dismissed.

### 2.     Defendant Erie County Executive/Council

The Prison Litigation Reform Act provides that:
> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A.  Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so.  Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis.  See 28 U.S.C. §1915(e)(2)[2].  Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language.  See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim.").  In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court

---

[2] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u>, <u>e.g.</u>, <u>Tucker v. Angelone</u>, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

   As noted earlier, Defendant Erie County Executive/Council was never served in this case, in contravention of this Court's service order, and no attorney has entered an appearance on its behalf.  As a result, Defendant Erie County Executive/Council will be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as said Defendant was not served within 120 days of the date the complaint was filed in this case.

   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY B. SHOWERS,<br>      Plaintiff<br><br>      v.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>      Defendants. | C.A. 12-24 Erie<br><br>Magistrate Judge Baxter |

## ORDER

AND NOW, this 22nd day of June, 2012,

IT IS HEREBY ORDERED that Defendant DOC's Motion to Dismiss [ECF No. 10] is GRANTED, and Plaintiff's claims against said Defendant are dismissed. In addition, pursuant to the authority granted this Court by the PLRA, Plaintiff's claims against Defendant Erie County Executive/Council are hereby dismissed for Plaintiff's failure to serve said Defendant within 120 days of the filing of his complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge